# COOPER v LYNN

## Case No. 87-31633 CX

Seventeenth Judicial Circuit, Broward County

March 3, 1989

### APPEARANCES OF COUNSEL

**Bruce Herman,** for appellant.

**H. C. Palmer, III,** for appellee.

### OPINION OF THE COURT

STEPHEN BOOHER, Circuit Judge.

### *JUDGMENT ON APPEAL*

THIS APPEAL came on for consideration on the record, briefs, and oral argument. It was submitted without a transcript of proceedings or a stipulated statement, as contemplated by Rule 9.200 of the Florida Appellate Rules. We affirm.

Appellant/Landlord asserts that because he was the prevailing party in an action brought by Appellee/Tenant to adjudicate his right to a security deposit, he "is entitled to receive . . . a reasonable fee for his attorney" under Section 83.49(3)(c), Florida Statutes, as a matter of law. The Landlord claims that the trial court was in error in denying him an award of fees on the ground that it "would be inequitable . . ."

This court does not agree that the statutory language, "is entitled to receive," is mandatory or that it removes from the trial court is traditional discretion to determine whether an award of attorney's fees is appropriate in the circumstances. There are any number of circumstances which could justify a decision not to award fees—such as a failure to preserve the entitlement by not asking for fees at trial, or by not offering expert testimony as to the amount of fees. Being without a transcript or stipulated statement, this court cannot say that the facts before the trial court did not support its denial. We construe the determination that it would be "inequitable" as nothing more than an announcement that the trial court was exercising its discretion to not allow fees based on the evidence before it and not as an inappropriate attempt to exercise equity jurisdiction.

There are further and more important considerations supporting the decision of the trial court. The Landlord asserts his right to fees under a strict interpretation of the security deposit provisions of the Statute, Section 83.49, Florida Statutes. If he relies on the letter of the Statute then he should show that he also complied with it to the letter. This court agrees with the trial court that he did not do so.

We specifically condemn the apparent strategem employed by the Landlord in this case. The Landlord mailed the Tenant the statutory notice of his intention to impose a claim for damages upon the security deposit, following the language set forth in Section 83.49(3)(a), Florida Statutes. His notice stated:

This is a notice of *my intention* to impose a claim for damages in the amount of [$]117.50 upon your security deposit. . . . You are hereby notified that *you must object* in writing to this deduction from your security deposit *within 15 days* from the time you receive this notice or *I will be authorized* to deduct my claim from your security deposit. [emphasis added]

Note that all of the italicized language is prospective and *in futuro* in content. The notice then indicated that after deducting the $117.50 in claimed damages from a $320.00 security deposit, the balance due Tenant would be $202.50.

In the same mailing with this statutory notice the Landlord enclosed

his check to the Tenant's order in the sum of $202.50, with the memorandum "For Sec. Refund 1506-1." On the back of the check were stamped the words "IN FULL SETTLEMENT OF ALL CLAIMS." The tenant, unaware of the consequences, negotiated this check, and the trial court ruled that he thereby waived any claim to the balance of the security deposit. The correctness of that ruling was not appealed and is not before the court.

This procedure is in violation of the provisions of the Statute and was an intentional snare laid by the Landlord to trap the Tenant into unknowingly forfeiting his rights. Section 83.49(3)(b), Florida Statutes, allows the Landlord to deduct the amount of his claim only *after* the tenants fails within 15 days of receipt of the statutory notice to object to the imposition of the landlord's claim. It provides that:

. . . the landlord *may then* deduct the amount of his claim and shall remit the balance of the deposit to the tenant within 30 days . . . [emphasis added]

That is, only *after* failure within 15 days to object, not *before.*

Here, the Landlord deduct the damages claimed before the 15 days had expired, mailed the check to the Tenant contemporaneously with the mailing of the statutory notice, and—without explanation of the consequences—lured the Tenant into a claimed waiver of his rights. This court cannot sanction or reward such behavior.

The Landlord's conscious intent to frustrate the provisions of the Statute enacted for the Tenant's protection is clear. He copied the check—front and back—before mailing it to the Tenant in anticipation of the future need to offer it into evidence as proof of the waiver; this is evident from the fact that the check presented to the trial court was copied before it was negotiated by the Tenant and deposited. In addition, the language "IN FULL SETTLEMENT OF ALL CLAIMS" on the back of the check was impressed with a rubber stamp, not typed; it is apparent that the stamp has been prepared for repeated use as part of an established procedure on the Landlord's part.

The Landlord's course of conduct is disapproved and condemned. It ill behooves him to seek attorney's fees based on a strict and literal interpretation of the Statute when he has consciously violated other provisions of the same Statute meant to protect the Tenant's rights.

The judgment appealed from is AFFIRMED.

DONE and ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of March, 1989.